The opinion of the Court was delivered by
Mr. Justice Gantt.
It is certainly competent for the plaintiff in this case to avail himself of all the rights and *457 advantages which appertained to the absent debtor respecting what might have been owing from the garnishee, but no more. Suppose, instead of paying the 100 dollars to Lines, the garuishee had retained it in his own possession till the Court, at which the return was made by him, could there have been any pretence of condemnation of that sum for the use of the plaintiff in attachment under the special circumstances set forth in the return ? I think not. If the circumstances stated to have been detailed in the return shall, on investigation, turn out to be correct, then the garnishee will be entitled to a reimbursement of the money paid to Lines on account of this purchase. It is true, that if the garnishee had been bona fide indebted to the absent debtor, then any payment made to him after the attachment levied in his hands could not have been justified. But the event may show that he was not so indebted; and the garnishee, having come to the knowledge of the imposition practised upon him before the return made respecting the negro purchased, and having made a special return thereof, I think the order requiring him to pay the 100 dollars into the hands of the Clerk was illegal, and ought to be set aside: the plaintiff in attachment will have a right to contest the truth of the return made; and so far as he can make it appear, that at the time of the attachment the garnishee was indebted to the absent debtor Lines, so far he will be entitled to *458 recover against him: but on such issue the gar*- © . nishee will have the same right of defence against the attaching creditor Mathis, that he would have if sued by Lines himself.
Grimké, Mott, and Cheves, J. concurred.